UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0256-CVE-SAJ |
| ) | |
| MATTHEW FRAZIER, JAMES BOHANON, ) | |
| and THADDEUS ESPY, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are the Special Appearances and Motions to Dismiss by defendants Matthew Frazier, James Bohanon and Thaddeus Espy (Dkt. # 6). Defendants, police officers with the Tulsa Police Department ("TPD"), contend that plaintiff's claims should be dismissed because of insufficiency of service of process and because they are entitled to qualified immunity. Espy also argues that plaintiff has failed to state a claim against him upon which relief can be granted, and moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff contends that Espy used excessive force during plaintiff's arrest in violation of his Fourth Amendment rights, and that all three defendants deprived him of his civil rights under 42 U.S.C. §1983 and the Fourth Amendment.

**I. Motion to Dismiss for Insufficient Service of Process**

On May 2, 2008, plaintiff filed a complaint against Officers Frazier, Bohanon, and Espy in their individual capacities. Dkt. # 3. The summonses were addressed to the individuals defendants in care of the Chief of Police of the TPD (Dkt. # 3), and were signed for by Paula Anderson, "TPD designated person for service." Dkt. ## 9 - 11. On July 12, 2008, plaintiff personally served

Officers Frazier and Espy (Dkt. ## 19, 20) and on July 14, 2008, personally served Officer Bohanon (Dkt. # 18).

Pursuant to Federal Rule of Civil Procedure 4(e), service on individual defendants sued in their personal capacities could be effected (1) pursuant to the law of the state in which the district court was located, or in which service was effected; or (2) by personal delivery of a copy of the summons and of the complaint. Service of process on an employer does not constitute proper service on an employee who has been sued in his individual capacity. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988) (holding that service on defendant's employer is insufficient). The time limit for service of process is 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m).

Here, plaintiff sues defendants in their individual capacities. Nonetheless, plaintiff first served process on defendants' employer, rather than serving them personally or by leaving a copy of the summons and complaint at each defendant's dwelling or usual place of residence. Accordingly, plaintiff's first attempt at service of process was insufficient. However, plaintiff perfected service within the 120 day time period by personally serving each defendant and returning an executed copy of each summons. The Court finds that proper service of process has been made and moots defendants' motion to dismiss for insufficient service of process.

## II. 12(b)(6) Motion to Dismiss Excessive Force Claim against Espy

On January 8, 2007, Ballard was a passenger in a vehicle that was driving past the corner of Fifth Street and South Lewis Avenue in Tulsa, Oklahoma. Dkt. # 2, at 3. Ballard observed two police officers, Frazier and Bohanon, attempting to arrest a suspect. Dkt. # 2, at 3. Ballard exited the vehicle and "yelled to the police officers to 'stop beating that man,' 'he's not resisting,' and 'he

2

didn't do anything.'" Dkt. # 2, at 3. Defendants allege that they requested assistance from Ballard during the struggle with the suspect. Dkt. # 2, at 4. Another officer, Officer Espy, approached the scene. Dkt. # 2, at 3. Officers Frazier and Bohanon told Officer Espy to arrest Ballard. Dkt. # 2, at 3. Ballard started to run and Officer Espy ran after him. Dkt. # 2, at 3. Ballard then "allowed Defendant Espy to take him into custody." Dkt. # 2, at 3. According to plaintiff, Officer Espy used "force that was far more excessive than would be reasonable under the circumstances." Dkt. # 2, at 4. Ballard was arrested and charged with "Refusal to Aid Officers" and "Obstructing an Officer." Dkt. # 2, at 4. A non-jury trial was held on May 21, 2007 and the charges were dismissed. Dkt. # 2, at 4.

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss a complaint for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir.

2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

Plaintiff alleges that Officer Espy deprived him of his civil rights pursuant to section 1983 by the use of excessive force. Section 1983 provides a cause of action against state officials for a violation of a plaintiff's constitutional rights. Becker v. Kroll, 494 F. 3d 904, 914 (10th Cir. 2007). "The core inquiry under any § 1983 action ... is whether the plaintiff has alleged an actionable constitutional violation." Id. In addition, the defendant must have been a state actor acting under the color of state law when the alleged constitutional violation occurred. See Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007) (citations omitted).

There is no question that Espy, a TPD officer in the line of duty, was a state actor and was acting under the color of state law when the alleged constitutional violation occurred. With respect to the alleged constitutional violation, the complaint alleges that Officer Espy "used force that was far more excessive than would be reasonable under the circumstances." Dkt. # 2, at 4. Plaintiff fails, however, to allege any specific facts detailing how force was used or what made the force used excessive. Without such information, plaintiff's allegations do not state a claim for excessive force. See Lyman v. City of Albany, 536 F. Supp. 2d 242, 249 (N.D.N.Y. 2008). In light of the Supreme Court's holding in Twombly, mere conclusions of law or "a formulaic recitation of the elements of

a cause of action" are insufficient to state a claim upon which relief may be granted. Twombly, 127 S. Ct. at 1965. However, as the Court is required to construe the facts in favor of the plaintiff, plaintiff has raised an inference that there may exist a set of factual allegations sufficient to state a claim. Accordingly, plaintiff will be granted leave to amend the complaint to include specific factual allegations to attempt to state a claim for excessive force.

### III. Motion for Qualified Immunity

In support of their motion to dismiss, defendants argue that Officers Frazier, Bohanon, and Espy[1] are entitled to qualified immunity. As an initial matter, the proper standard for evaluating dismissal in a qualified immunity case is the standard applied to dismissals generally. See Moya v. Schollenbarger, 465 F. 3d 444, 455 (10th Cir. 2006). A defendant wishing to raise a qualified immunity argument based on facts outside the pleadings may do so only in a motion for summary judgment. Anderson v. Blake, 469 F. 3d 910, 913 n. 1 (10th Cir. 2006). Accordingly, the Court will review only the pleadings and attachments to the pleadings in deciding this initial motion for qualified immunity; evidence attached to the parties' briefs will not be considered.

Qualified immunity is given to a public official in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Gross v. Pirtle, 245 F.3d 1151, 1155-56 (10th Cir. 2001). Because qualified immunity provides officials

---

[1] Officer Espy argues that he is entitled to qualified immunity on plaintiff's excessive force claim, as well as on plaintiff's other Fourth Amendment claims. However, Espy's defense of qualified immunity with respect to plaintiff's excessive force claim need not be addressed unless plaintiff can state a claim upon which relief may be granted. Officer Espy's qualified immunity defense on the basis of plaintiff's claims of unlawful seizure and unlawful arrest only will be considered at this time.

with "immunity from suit rather than a mere defense to liability," Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), the "courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation." Gross, 245 F.3d at 1155 (citations omitted).

Courts employ a two-pronged analysis to determine whether a defendant is entitled to qualified immunity. First, a court must address whether the alleged facts demonstrate the defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, the court must then decide whether the right was "clearly established." Id. If the court concludes no constitutional right has been violated, no further inquiry is necessary and the defendant is entitled to qualified immunity. Id.

Plaintiff alleges three Fourth Amendment violations: unlawful search and seizure,[2] unlawful arrest, and excessive use of force.[3] With respect to plaintiff's first claim, in order to establish a violation of the Fourth Amendment in a section 1983 action based on an unlawful seizure, the party claiming injury must demonstrate "both that a seizure occurred and that the seizure was unreasonable." Bradford v. Wiggins, 516 F. 3d 1189, 1196 (10th Cir. 2008) (internal quotations and citations omitted). A seizure occurs when a police officer restrains the liberty of an individual through physical force or show of authority. Terry v. Ohio, 392 U.S. 1, 20 n. 16 (1968). To determine the reasonableness of a seizure, courts must balance the government's interest justifying

---

[2] Plaintiff does not allege that a search took place; it appears plaintiff intended to allege unlawful seizure.

[3] When an excessive force claim arises in the context of an arrest, it is most properly characterized as a claim invoking the protections of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 394 (1989). See also Roska ex rel. Roska v. Peterson, 328 F.3d 1230, 1243 (10th Cir. 2003) (post-conviction claims for excessive force are characterized as Eighth Amendment claims). Nonetheless, plaintiff's excessive force claims need not be unless plaintiff can state a claim upon which relief may be granted.

6

the seizure with "the constitutionally protected interests of the private citizen." Id. at 20-21. "The determination of reasonableness takes into account that officers are frequently forced to make split-second decisions under stressful and dangerous conditions." Bradford, 516 F. 3d at 1196. In Bradford, the plaintiffs were briefly detained after they ran towards their son while he was being arrested by police officers. 516 F. 3d at 1196. The Tenth Circuit held that the police acted reasonably in detaining the plaintiffs because of the government's interest in successfully arresting a suspect to a crime. Id. Because the detention was found to be reasonable, there was no unlawful seizure and the plaintiffs' constitutional rights were not violated. Id.

Similarly, plaintiff here admits to yelling at Officers Frazier and Bohanon while they were attempting to arrest a suspect. Dkt. # 2, at 3. The officers had an obvious interest in successfully completing the arrest safely and without interference from a bystander. In light of the totality of the circumstances, it was reasonable for Officers Frazier and Bohanon to ask Officer Espy to detain plaintiff to prevent him from interfering with a police matter.

Further, it was reasonable for Officer Espy to detain plaintiff when Espy's fellow officers, who had been at the scene prior to his arrival, asked him to do so. Police officers are entitled to rely on the "observations, statements, and conclusions of their fellow officers." Baptiste v. J.C. Penney Co., 147 F. 3d 1252, 1260 (10th Cir. 1998). Accordingly, Espy's reliance on Frazier and Bohanon's determination that plaintiff should be detained was reasonable. Plaintiff's detention does not constitute an unlawful seizure under the Fourth Amendment.

Plaintiff also alleges that he was falsely arrested. When a section 1983 claim is based on a warrantless arrest, the defendant is entitled to qualified immunity if probable cause existed. See Wilder v. Turner, 490 F. 3d 810, 813 (10th Cir. 2007) (citing Atwater v. Lago Vista, 532 U.S. 318,

322 (2001)). See also Fogarty v. Gallegos, 523 F.3d 1147, 1156 (10th Cir. 2008). In evaluating the existence of probable cause, a court must consider whether the "facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." United States v. Edwards, 242 F. 3d 928, 934 (10th Cir. 2001). Officers are entitled to rely on information provided by other law enforcement officials to develop probable cause to make an arrest. Albright v. Rodriguez, 51 F. 3d 1531, 1536 (10th Cir. 1995) (citing United States v. Torres, 663 F. 2d 1019, 1022 (10th Cir. 1981)). A court's determination is objective, and the officer's subjective intent or whether the arrestee is later charged with a crime is irrelevant. Fogarty, 523 F. 3d at 1156. Thus, the analysis turns on which crimes defendants could have reasonably believed plaintiff was committing at the time they ordered his arrest. Id.

Although the parties disagree as to whether plaintiff was aware he was being asked to assist Frazier,[4] there is no dispute that plaintiff exited his vehicle and began yelling at defendants while they were attempting to arrest a suspect. The question is whether plaintiff's conduct, when viewed objectively and in the light most favorable to plaintiff, could establish probable cause to believe he was committing the crime of obstructing an officer.[5] As already established, the facts show that plaintiff exited his vehicle and was yelling at officers while they were conducting an arrest. Dkt. # 2, at 3. Plaintiff subsequently started running when Officers Frazier and Bohanon asked Officer Espy to detain him. Dkt. # 2, at 3. It is thus objectively reasonable for the officers to conclude that

---

[4]   Plaintiff was charged, inter alia, with Refusing to Aid an Officer, OKLA. STAT. tit. 21, § 537.

[5]   OKLA. STAT. tit. 21, § 540 ("Every person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor.").

plaintiff was interfering with the arrest by yelling and running away when Officer Espy approached him. Plaintiff's conduct gave all three defendants probable cause to believe that plaintiff was obstructing an officer in violation of Oklahoma law. Moreover, Officer Espy was entitled to rely on Officers Frazier and Bohanon to develop probable cause to execute plaintiff's arrest. Accordingly, because the warrantless arrest was based on probable cause, it was reasonable and plaintiff's constitutional rights were not violated.

Because the Court does not find a violation of a constitutional right, it is not necessary to determine whether the constitutional right was clearly established. See Wilder, 490 F.3d at 813 ("If the officer's conduct did not violate a constitutional right, the inquiry ends and the officer is entitled to qualified immunity.").

**IT IS THEREFORE ORDERED** that the Special Appearances and Motions to Dismiss (Dkt. # 6) by defendants Matthew Frazier, James Bohanon and Thaddeus Espy are **moot** in part, **denied** in part and **granted** in part: defendants' motion to dismiss for insufficient service of process is **moot**; defendant Espy's motion to dismiss pursuant to Rule 12(b)(6) is **denied;** and defendants' motion to dismiss on the basis of qualified immunity is **granted** for all defendants with respect to plaintiff's claims of unlawful seizure and unlawful arrest. A separate Judgment of Dismissal of defendants Frazier and Bohanon will be entered.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within **fifteen (15) days** of this Opinion and Order that includes additional factual allegations with respect to the excessive force claims against Espy.

**DATED** this 26th day of September, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

9